T.C. Memo. 1997-387


UNITED STATES TAX COURT


KENNETH A. WEINER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No.  663-93.                    Filed August 25, 1997.


Kenneth A. Weiner, pro se.

<u>William G. Bissell</u>, for respondent.


MEMORANDUM OPINION


LARO, <u>Judge</u>:  Respondent moves pursuant to Rule 121[1] for an order granting summary judgment in respondent's favor. Respondent's motion for summary judgment is based on matters

---

[1] Rule references are to the Tax Court Rules of Practice and Procedure, and section references are to the Internal Revenue Code in effect for the years in issue.

deemed admitted by reason of petitioner's failure to respond to requests for admission served by respondent under Rule 90. Respondent determined deficiencies for 1984 and 1985 based on petitioner's failure to report gross income received from his participation in an investment scheme.  The resulting deficiencies in income tax and additions to tax are as follows:

| Year | Deficiency | Additions to Tax[1] | |
| | | Sec. 6653(b)(1) | Sec. 6653(b)(2) |
| 1984 | $547,778 | $273,889 | 50% of the interest due on $547,778 |
| 1985 | [2]953,134 | 476,567 | 50% of the interest due on $953,134 |

[1]In the event that the fraud addition to tax is not sustained, respondent asserted in the alternative the negligence addition to tax pursuant to sec. 6653(a).

[2]The face of the notice of deficiency incorrectly lists the deficiency for 1985 as $975,113.  The summary contained therein, however, correctly lists the deficiency as $953,134.

Based on matters deemed admitted, respondent claims that there is no genuine issue of material fact as to either petitioner's liability for deficiencies in his 1984 and 1985 income tax or petitioner's liability for the fraud additions under section 6653(b)(1) and (2).  The Court ordered petitioner to respond to respondent's motion on or before June 20, 1997. Petitioner failed to do so.  Petitioner was incarcerated in the Federal Penitentiary in Bastrop, Texas, when he petitioned the Court.

We hold for respondent on all issues.

## Background

Petitioner petitioned the Court on January 11, 1993, to redetermine respondent's determination of deficiencies and additions.  On August 18, 1993, this case was calendared for trial at the trial session commencing on January 24, 1994.  Beginning in November 1993, petitioner filed with the Court seven separate motions for continuance.  The Court granted the seventh motion on July 18, 1996, and this case was calendared for trial at the trial session commencing on April 14, 1997.

On January 29, 1997, respondent served petitioner with requests for admission.  The admissions requested were, in pertinent part, as follows:

> 3.  The petitioner filed an individual income tax return, Form 1040, for each of the years 1984 and 1985. He reported gross income of $46,825.00 for 1984 and $73,762.00 for 1985, and reported tax liabilities of $7,783.00 and $21,979.00 for 1984 and 1985, respectively. * * *

> 4.  The petitioner * * * was charged with multiple counts of wire fraud under 18 U.S.C. §1343, mail fraud under 18 U.S.C. §1343, interstate transportation of property taken by fraud under 18 U.S.C. §2314, conspiracy to defraud the United States under 18 U.S.C. §371, and filing false income tax returns under 26 U.S.C. §7206(1) for the years 1984 and 1985 * * *.

> *       *       *       *       *       *       *

> 6.  The petitioner's objective [in conducting the investment scheme] was to defraud the United States by conducting the financial and banking activities of the investment scheme in a manner which was not readily traceable, by failing to maintain records of the financial activities of the investment scheme, and by failing to report to appropriate government agencies

the financial activities of the investment scheme as required by law. * * *

*     *     *     *     *     *     *

7.  The unlawful combination, conspiracy, confederation, and agreement was to be accomplished by the following means and methods:

a.  The petitioner * * * used numerous bank accounts, maintained in various names, including COMSEC Corporation * * * to conduct the financial activities of the investment scheme, for the purpose of concealing the financial activities of the investment scheme.

b.  The petitioner * * * conducted much of the business of the investment scheme in currency and cashier's check, for the purpose of hindering and preventing the tracing of the financial activities of the investment scheme.

c.  The petitioner * * * failed to maintain accurate books and records of the financial activities of the investment scheme as required by law * * *.

*     *     *     *     *     *     *

8.  In furtherance of the conspiracy and to effect the objects thereof, the following acts were done and performed by or on behalf of the petitioner * * *:

a.  On or about May 17, 1982, the petitioner caused the incorporation of COMSEC Corporation under Michigan law.

b.  On or about April 18, 1993, the petitioner * * * opened a savings account * * * at the American Federal Savings and Loan, Detroit, Michigan.

c.  On or about July 23, 1982, the petitioner * * * opened a checking account in the name of COMSEC Corporation at the Michigan National Bank, Detroit, Michigan.

d.  On or about July 23, 1982, the petitioner * * * opened a savings account in the name of COMSEC Corporation at the Michigan National Bank, Detroit, Michigan.

e.  On or about May 14, 1984, the petitioner * * * opened a checking account * * * at the Manufacturers Bank, Detroit, Michigan.

f.  On or about October 25, 1984, the petitioner * * * opened a checking account in the name of COMSEC Corporation at the Michigan National [B]ank, Detroit, Michigan.

g.  On or about April 8, 1985, the petitioner * * * opened an account in the name[] of COMSEC Corporation at the Comerica Bank, Detroit, Michigan.

*       *       *       *       *       *       *

i.  On or about April 8, 1985, the petitioner * * * opened a savings account in the name of COMSEC Corporation at the Comerica Bank, Detroit Michigan.

j.  On or about May 28, 1985, the petitioner * * * opened a checking account in the name of COMSEC Corporation at the Manufacturers Bank, Detroit, Michigan.

k.  On or about January 7, 1985, the petitioner was added as an authorized signer for an existing checking account in the name of Associated Medical Research at the Manufacturers Bank, Detroit, Michigan.

l.  On or about January 7, 1985, * * * petitioner opened a checking account in the name of Associated Medical Research at the Manufacturers Bank, Detroit, Michigan.

- 6 -

m. During the calendar years 1984 and 1985, the petitioner * * * used accounts described above for the receipt and disbursement of funds relating to the investment scheme.

n. During the calendar years 1984 and 1985, the petitioner received approximately $100,000 in currency from banking transactions relating to the investment scheme * * *.

o. During the calendar years 1984 and 1985, the petitioner used over $800,000 in investment scheme funds to purchase cashiers checks payable to himself * * *.

*     *     *     *     *     *     *

10. On or about April 15, 1985, the petitioner filed his federal individual income tax return for the calendar year 1984, which income tax return was not true and correct in that he did not report his income from his involvement in the investment scheme.

11. On or about October 17, 1986, the petitioner filed his federal individual income tax return for the calendar year 1985, which income tax return was not true and correct in that he did not report his income from his involvement in the investment scheme.

12. In a jury verdict dated January 14, 1991, the aforementioned Michigan district court found petitioner guilty on all counts pertaining to him of the superseding indictment. * * *

*     *     *     *     *     *     *

16. The petitioner omitted all of his income in the amounts of $1,100,411.00 received in 1984 and $1,905,387.00 received in 1985 from the investment scheme, from his 1984 and 1985 income tax returns, respectively, and filed these returns with the fraudulent intent to evade the tax due on that income.

17. As a result of not reporting the aforementioned amounts of income, the petitioner

understated his income and his tax liability for the years 1984 and 1985.

[18]. The deficiencies in income tax for the taxable years 1984 and 1985 are due, in whole or in part, to the petitioner's fraudulent intent to evade income tax.

[19]. A part of the underpayment of the tax required to be shown on the petitioner's income tax returns for each of the years 1984 and 1985 is due to fraud.

Petitioner failed to respond to respondent's requests for admission as required by Rule 90(c). Thereafter, on April 8, 1997, the Court granted petitioner's eighth motion for continuance to allow petitioner time to recover from an operation. This case was calendared for trial at the trial session commencing on September 15, 1997.

On May 13, 1997, respondent filed with the Court a motion for summary judgment asking that, on the basis of matters deemed admitted by petitioner as set forth in respondent's requests for admission, we find petitioner liable for deficiencies and additions to tax. The Court on May 14, 1997, ordered a response from petitioner to respondent's motion for summary judgment to be received or on before June 20, 1997. The order was returned as unclaimed; petitioner had vacated his last known address without informing the Court of a change in address as required by Rule 21(b)(4). In addition to failing to respond to the Court's order, petitioner has not filed any motion to withdraw the deemed admissions pursuant to Rule 90(f).

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials of phantom factual issues. Kroh v. Commissioner, 98 T.C. 383, 390 (1992); Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). Because summary adjudication decides an issue against a party before trial, we grant such a remedy cautiously and sparingly and only after carefully ascertaining that the moving party has met all the requirements for summary adjudication. Associated Press v. United States, 326 U.S. 1, 6 (1945); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982).

The Court will not resolve disagreements over material factual issues through summary adjudication. Espinoza v. Commissioner, supra at 416. The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Kroh v. Commissioner, supra at 390. A fact is material if it "tends to resolve any issues that have been

properly raised by the parties".  10A Wright & Miller, Federal Practice and Procedure: Civil, sec. 2725, at 93 (2d ed. 1983).

A.  Deficiencies for 1984 and 1985

The first issue is whether petitioner is liable for the deficiencies.  Respondent moves the Court to hold as a matter of law that petitioner owes deficiencies of $547,778 and $953,134 for 1984 and 1985, respectively.  Under Rule 90(c), matters set forth in requests for admission are deemed admitted unless an answer or objection is served on the requesting party "within 30 days after service of the request or within such shorter or longer time as the Court may allow".  Since petitioner has failed to respond to respondent's requests, the facts as set forth therein are deemed admitted and are a sufficient basis on which to grant respondent's motion for summary judgment as to the deficiencies.  Coninck v. Commissioner, 100 T.C. 495, 496 (1993); Marshall v. Commissioner, 85 T.C. 267, 271-272 (1985); Freedson v. Commissioner, 65 T.C. 333, 334-336 (1975), affd. on another issue 565 F.2d 954 (5th Cir. 1978).

Section 61 defines gross income as income from whatever source derived.  The Supreme Court has held that when earnings are acquired, lawfully or unlawfully, without a consensual recognition of an obligation to repay, there is income to the taxpayer.  James v. United States, 366 U.S. 213, 219 (1961).

In James, the Court stated that "This standard brings wrongful appropriations within the broad sweep of 'gross income'". Id.

Petitioner is deemed to have admitted facts which establish substantial, intentional omissions of taxable income for 1984 and 1985. The deemed admissions establish that petitioner was a participant in an investment scheme from which he received over $1 million from investors in 1984 and nearly $2 million from investors in 1985. Specifically, petitioner is deemed to have admitted under Rule 90(c) that:

> 10. [he] filed his federal individual income tax return for the calendar year 1984, which income tax return was not true and correct in that he did not report his income from his involvement in the investment scheme.

> 11. [he] filed his Federal income tax return for the calendar year 1985, which income tax return was not true and correct in that he did not report his income from his involvement in the investment scheme.

> *       *       *       *       *       *       *

> 16. [he] omitted all of his income in the amounts of $1,100,411.00 received in 1984 and $1,905,387.00 received in 1985 from the investment scheme, from his 1984 and 1985 income tax returns, respectively * * *.

> 17. [he] understated his income and his tax liability for the years 1984 and 1985.

The deemed admissions establish that there is no genuine issue of material fact with respect to the deficiencies in issue. Marshall v. Commissioner, supra at 271-272; Freedson v. Commissioner, supra at 334-336. We grant summary judgment to respondent with respect to those deficiencies.

B.  Section 6653(b)(1) and (2) Additions to Tax for Fraud

The second issue is whether petitioner is liable for the additions to tax for fraud under section 6653(b)(1) and (2). The additions to tax for fraud are civil sanctions "provided primarily as a safeguard for the protection of the revenue and to reimburse the government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud."  Helvering v. Mitchell, 303 U.S. 391, 401 (1938).

Fraud is defined as intentional wrongdoing on the part of the taxpayer with the specific purpose of evading a tax believed to be owing.  Mitchell v. Commissioner, 118 F.2d 308, 310 (5th Cir. 1941), revg. 40 B.T.A. 424 (1939); Petzoldt v. Commissioner, 92 T.C. 661, 698 (1989).  Section 7454 provides in pertinent part that "In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Secretary."  Rule 142(b) requires that this burden be carried by clear and convincing evidence.  Castillo v. Commissioner, 84 T.C. 405, 408 (1985).

For the fraud additions to be imposed, there must be an underpayment of tax required to be shown on the return that is due to fraud.  Fraud is shown by proof that the taxpayer intended to conceal, mislead, or otherwise prevent the collection of his or her taxes, and that there is an underpayment of tax.  Spies v.

United States, 317 U.S. 492, 499 (1943); Stoltzfus v. United States, 398 F.2d 1002, 1005 (3d Cir. 1968); Webb v. Commissioner, 394 F.2d 366, 377 (5th Cir. 1968), affg. T.C. Memo. 1966-81; Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983).

Because matters deemed admitted pursuant to Rule 90 are conclusively established and may be sufficient to support the granting of a motion for summary judgment, respondent may establish fraud by relying on petitioner's deemed admissions. Marshall v. Commissioner, supra at 272-273; Morrison v. Commissioner, 81 T.C. 644, 651 (1983); Doncaster v. Commissioner, 77 T.C. 334, 336 (1981). Petitioner is deemed to have admitted under Rule 90(c) that:

> 16. [he] omitted all of his income in the amounts of $1,100,411.00 received in 1984 and $1,905,387.00 received in 1985 from the investment scheme, from his 1984 and 1985 income tax returns, respectively, and filed these returns with the fraudulent intent to evade the tax due on that income.

> \*        \*        \*        \*        \*        \*        \*

> [18]. [t]he deficiencies in income tax for the taxable years 1984 and 1985 are due, in whole or in part, to the petitioner's fraudulent intent to evade income tax.

> [19]. [a] part of the underpayment of the tax required to be shown on the petitioner's income tax returns for each of the years 1984 and 1985 is due to fraud.

Courts have relied on a number of indicia of fraud in deciding section 6653(b) cases. Indicia of fraud include: (1) A pattern of understatement of income, (2) maintaining

inadequate books and records, (3) failing to file tax returns, (4) giving implausible or inconsistent explanations of behavior, (5) concealing assets, (6) failing to cooperate with taxing authorities, (7) engaging in illegal activities, (8) attempting to conceal illegal activities, (9) dealing in cash, and (10) failing to make estimated tax payments. Recklitis v. Commissioner, 91 T.C. 874, 910 (1988). Although no single factor is necessarily dispositive on the issue of fraud, the existence of several indicia is persuasive circumstantial evidence. Petzoldt v. Commissioner, supra at 700. We proceed by addressing the indicia of fraud that are relevant to the case at hand.

Respondent has affirmatively shown various indicia of fraud committed by petitioner. First, petitioner's understatement of income in 1984 and 1985 indicates fraud. Through the deemed admitted facts, respondent has established that over a 2-year period petitioner engaged in a pattern of concealing substantial amounts of income. Petitioner received substantial income from his involvement in the investment scheme in 1984 and 1985 which he failed to report on his 1984 and 1985 Federal income tax returns. This is strong evidence of an intent to evade tax. Merritt v. Commissioner, 301 F.2d 484, 487 (5th Cir. 1962), affg. T.C. Memo. 1959-172.

Second, the handling of one's affairs in such a way as to avoid making records usual in transactions, the concealment of

assets, and extensive dealings in cash support an inference of fraud. Spies v. United States, supra at 499; Parks v. Commissioner, 94 T.C. 654, 664-665 (1990) (purchase of cashier's checks to avoid filing of Currency Transaction Reports). Beginning in 1982, petitioner opened 10 separate checking and savings accounts. Then, in a series of transactions, petitioner, among other things, converted over $800,000 in investor funds into cashier's checks made payable to himself in order to avoid creating a transactional record in the corporate accounts. Respondent has established, through petitioner's deemed admissions, that petitioner's objective was to defraud the United States by conducting the financial and banking activities of the investment scheme in a manner that was not readily traceable.

And finally, in addition to the various indicia of fraud that are present, we consider as evidence of fraud petitioner's conviction under section 7206(1) for filing a false income tax return. In Wright v. Commissioner, 84 T.C. 636, 643 (1985), this Court concluded that a prior conviction under section 7206(1) does not collaterally estop a petitioner from contesting a fraud determination under section 6653(b). However, a conviction for willful falsification, while not dispositive, is evidence of fraud. Id. at 643-644. On January 14, 1991, petitioner was found guilty under section 7206(1) on two counts of filing false income tax returns for 1984 and 1985.

In conclusion, the deemed admissions by petitioner that he understated income, concealed assets, dealt extensively in cash, and was convicted for filing a false income tax return establish by clear and convincing evidence that the underpayments of income tax on his 1984 and 1985 income tax returns were due in their entirety to fraud.

Respondent's motion for summary judgment will be granted.

To reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued, and decision will</u>

<u>be entered</u>.