T.C. Memo. 1997-415


UNITED STATES TAX COURT


CHARLES E. CAMPBELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10421-95          Filed September 18, 1997.


Charles E. Campbell, pro se.

<u>Dennis M. Kelly</u>, for respondent.


MEMORANDUM OPINION


LARO, <u>Judge</u>:  Respondent moves pursuant to Rule 121[1] for an order granting summary judgment in respondent's favor.

---

[1] Rule references are to the Tax Court Rules of Practice and Procedure.  Section references are to the Internal Revenue Code in effect for the years in issue.  Unless otherwise indicated, dollar amounts are rounded to the nearest dollar.

Respondent's motion for summary judgment is based on matters deemed admitted by reason of petitioner's failure to respond to requests for admission served by respondent under Rule 90. Respondent determined deficiencies for 1987 through 1989 based on petitioner's failure to file Federal income tax returns and report gross income received from the following activities: gambling, sale of illegal narcotics, and the purchase, repair, and sale of used automobiles.  The resulting deficiencies in income tax and additions thereto are as follows:

| | | Additions to Tax | | | |
|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6653(b)(1)(A) | Sec. 6653(b)(1)(B) | Sec. 6653(b)(1) | Sec. 6651(f) |
| 1987 | $23,320 | $17,490 | 50% of the interest due on $23,320 | --- | --- |
| 1988 | 18,554 | --- | --- | $13,916 | --- |
| 1989 | 9,658 | --- | --- | --- | $7,244 |

Respondent asserts in the alternative that petitioner is liable for the additions to tax under sections 6651(a) and 6653(a)(1)(A) and (B) for 1987, sections 6651(a) and 6653(a)(1) for 1988, and section 6651(a) for 1989.

Based on matters deemed admitted, respondent claims that there is no genuine issue of material fact as to either petitioner's liability for deficiencies in his 1987 through 1989 Federal income tax or petitioner's liability for the fraud additions under sections 6653(b)(1)(A) and (B) for 1987, section

6653(b)(1) for 1988, and section 6651(f) for 1989.  We hold for respondent on all issues.

## Background

Petitioner and his spouse Angela M. Campbell (Ms. Campbell) filed joint Federal income tax returns for 1983 through 1986. Despite demonstrated knowledge of the requirement to file tax returns, petitioner and Ms. Campbell failed to file Federal income tax returns for 1987 through 1989.  Using the expenditure method for reconstruction of income, respondent determined that the gross income of petitioner and Ms. Campbell was $126,846, $108,438, and $47,969 for 1987 through 1989, respectively. Respondent determined that petitioner's community property share for the respective years was $63,423, $54,219, and $23,984.  On June 15, 1995, petitioner petitioned the Court for a redetermination of respondent's determination.  Petitioner was incarcerated at the Montgomery County jail in Conroe, Texas, when he petitioned the Court.

On April 19, 1996, respondent filed a motion for continuance of trial on the ground that petitioner was undergoing criminal prosecution, and petitioner's criminal trial was scheduled to commence on May 20, 1996.  Contemporaneously, respondent filed a motion to consolidate for trial, briefing, and Opinion petitioner's case at docket number 10421-95 with Ms. Campbell's case at docket number 10419-95.  Petitioner's and Ms. Campbell's

cases were set for separate trials at the trial session beginning June 10, 1996. The Court granted both of respondent's motions, and the trial was rescheduled for the trial session beginning on November 12, 1996. In or around May 1996, petitioner was found guilty of a felony crime and sentenced to 10 years' imprisonment in a Federal correctional facility.

On August 26, 1996, pursuant to Rule 90, respondent served upon petitioner and filed with the Court requests for admission. The admissions requested were, in pertinent part, as follows:

1. [Petitioner] did not file federal income tax returns when they were due for the taxable years 1987, 1988, and 1989.

2. [Petitioner has] not filed federal income tax returns at any time for the taxable years 1987, 1988, and 1989.

    *      *      *      *      *      *      *

4. Prior to 1987, [petitioner and his spouse] filed joint federal income tax returns for the taxable years 1983, 1984, 1985, and 1986.

    *      *      *      *      *      *      *

6. During the taxable years 1987, 1988, and 1989, [petitioner was] engaged in the following cash activities:
    a. professional cardplayer;
    b. gambling;
    c. sale of illegal narcotics; and
    d. repair and sales of used automobiles.

    *      *      *      *      *      *      *

12. On or about July 22, 1988, approximately $17,841.00 in cash was seized from [petitioner's]

residence at 113 Brandon Road, Conroe, Texas by law enforcement officials.

13.  The money seized on July 22, 1988, was owned by [petitioner and his spouse].

*     *     *     *     *     *     *

16.  [Petitioner and his spouse] wrote checks in the total amount of $30,246.06 which were paid during 1987 out of [petitioner's] checking account #055-005-33836 at Texas Commerce Bank.

17.  [Petitioner and his spouse] wrote checks in the total amount of $56,111.82 which were paid during 1988 out of [petitioner's] checking account #055-005-33836 at Texas Commerce Bank.

18.  [Petitioner and his spouse] wrote checks in the total amount of $27,291.87 which were paid during 1987 out of [petitioner's] checking account #055-005-34271 at Texas Commerce Bank.

19.  [Petitioner and his spouse] wrote checks in the total amount of $11,633.38 which were paid during 1988 out of [petitioner's] checking account #055-005-34271 at Texas Commerce Bank.

20.  [Petitioner and his spouse] wrote checks in the total amount of $23,545.40 which were paid during January, 1989 out of [petitioner's] checking account #055-005-33836 at Texas Commerce Bank.

21.  [Petitioner and his spouse] wrote checks in the total amount of $452.00 which were paid during January, 1989, out of [petitioner's] checking account #055-005-34271 at Texas Commerce Bank.

22.  [Petitioner and his spouse] had no nontaxable sources of income during the taxable years 1987, 1988, and 1989 * * *.

23.  The total unreported gross income of [petitioner and his spouse] for the taxable year 1987 is $126,845.94.

24. [Petitioner's] share of the total unreported gross income for 1987, under the community property laws of Texas, is $63,422.97.

25. The total unreported gross income for [petitioner and his spouse] for the taxable year 1988 is $108,438.07.

26. [Petitioner's] share of the total unreported gross income for 1988, under community property laws of Texas, is $54,219.04.

27. The total unreported taxable income for [petitioner and his spouse] for the taxable year 1989 is $47,968.80.

28. [Petitioner's] share of the total unreported gross income [for 1989], under the community property laws of Texas, is $23,984.40.

*    *    *    *    *    *    *

32. [Petitioner's] correct tax liability, including self-employment tax, for the taxable years 1987, 1988, and 1989, is $23,320.00, $18,554.00, and $9,658.00, respectively.

33. [Petitioner has] not made any payments of tax for the income tax liabilities due for 1987, 1988, or 1989.

34. [Petitioner's] failure to file a federal income tax return for each of the taxable years 1987, 1988, and 1989, was fraudulent with the intent to evade the payment of taxes on taxable income earned in each respective year.

35. [Petitioner] failed to maintain complete and adequate records of the activities [he] conducted in cash during the taxable years 1987, 1988, and 1989, with the intent to evade the payment of taxes on such business transactions in each respective year.

36. [Petitioner] failed to produce any records of [his] business or personal activities for respondent during the examination of [his] income tax liabilities for the taxable years 1987, 1988, and 1989.

37. [Petitioner's] failure to produce any records of [his] business or personal activities for respondent during the examination of [petitioner's] income tax liabilities for the taxable years 1987, 1988, and 1989 was fraudulent with the intent to evade the payment of taxes for each respective year.

Petitioner failed to respond to respondent's requests for admission as required by Rule 90(c).

At the trial session beginning November 12, 1996, there was no appearance by or on behalf of petitioner or Ms. Campbell. Respondent submitted to the Court a decision document with respect to Ms. Campbell and informed the Court that petitioner remained incarcerated. Respondent also informed the Court that petitioner and respondent had reached a basis for settlement, that a decision document had been sent to petitioner, and that petitioner had subsequently mailed the decision document back to respondent, and respondent was awaiting delivery. Upon respondent's request for additional time to await delivery of decision document, the Court ordered that petitioner's and Ms. Campbell's cases be severed and that petitioner's case be continued with jurisdiction retained.

Petitioner had not in fact mailed the proposed decision document and settlement computations to respondent. During late November and December of 1996, respondent repeatedly attempted to contact petitioner and Ms. Campbell. Petitioner did not respond to respondent's correspondence or phone calls. Following respondent's status report dated January 28, 1997, the Court

ordered that jurisdiction is no longer retained by the Division and that petitioner's case be restored to the general docket. The case was set for trial at the trial session beginning on September 15, 1997.

On August 8, 1997, respondent filed a motion for summary judgment moving the Court that, based on matters deemed admitted by petitioner as set forth in respondent's requests for admission, we find petitioner liable for the deficiencies and additions to tax as shown in the notice of deficiency. In the event that the Court denies respondent's motion for summary judgment, respondent also contemporaneously filed a motion for writ of habeas corpus and testificandum to secure petitioner's presence at the September 15, 1997, trial session. On August 11, 1997, the Court ordered a response from petitioner to respondent's motion for summary judgment to be received on or before August 18, 1997. Petitioner has not complied with the Court's order. Petitioner has not filed any motion to withdraw the deemed admissions pursuant to Rule 90(f).

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials of phantom factual issues. Kroh v. Commissioner, 98 T.C. 383, 390 (1992); Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Summary judgment is appropriate

> if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. [Rule 121(b).]

Because summary adjudication decides an issue against a party before trial, we grant such a remedy cautiously and sparingly, and only after carefully ascertaining that the moving party has met all requirements for summary adjudication. Associated Press v. United States, 326 U.S. 1, 6 (1945); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982).

The Court will not resolve disagreements over material factual issues through summary adjudication. Espinoza v. Commissioner, supra at 416. The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Kroh v. Commissioner, supra at 390. A fact is material if it "tends to resolve any of the issues that have been properly raised by the parties." 10A Wright & Miller, Federal Practice and Procedure: Civil 2d, sec. 2725, at 93 (2d ed. 1983).

A. Deficiencies for 1987 Through 1989

The first issue is whether petitioner is liable for the deficiencies. Respondent asks the Court to hold as a matter of law that petitioner owes the deficiencies as determined in the notice of deficiency. The deficiencies are in the amounts of

$23,320, $18,554, and $9,658 for 1987 through 1989, respectively. Under Rule 90(c), matters set forth in requests for admission are deemed admitted unless an answer or objection is served on the requesting party "within 30 days after service of the request or within such shorter or longer time as the Court may allow". Since petitioner has failed to respond to respondent's requests, the facts as set forth therein are deemed admitted and are a sufficient basis on which to grant respondent's motion for summary judgment. Coninck v. Commissioner, 100 T.C. 495, 496 (1993); Marshall v. Commissioner, 85 T.C. 267, 271-272 (1985); Freedson v. Commissioner, 65 T.C. 333, 334-336 (1975), affd. 565 F.2d 954 (5th Cir. 1978).

Section 61 defines gross income as income from whatever source derived. The Supreme Court has held that when earnings are acquired, lawfully or unlawfully, without a consensual recognition of an obligation to repay, there is income to the taxpayer. James v. United States, 366 U.S. 213, 219 (1961). In James, the Supreme Court stated that "This standard brings wrongful appropriations within the broad sweep of 'gross income'". Id.

Petitioner has admitted facts which overwhelmingly establish substantial, intentional omissions of taxable income for 1987 through 1989. The admissions establish that petitioner was engaged in activities such as gambling, sales of illegal

narcotics, and car sales and repairs, and that petitioner received unreported income from these activities. Specifically, petitioner is deemed to have admitted under Rule 90(c) that:

6. During the taxable years 1987, 1988, and 1989, [petitioner was] engaged in the following cash activities:
    a. professional cardplayer;
    b. gambling;
    c. sale of illegal narcotics; and
    d. repair and sales of used automobiles.

*     *     *     *     *     *     *

23. The total unreported gross income of [petitioner and his spouse] for the taxable year 1987 is $126,845.94.

24. [Petitioner's] share of the total unreported gross income for 1987, under the community property laws of Texas, is $63,422.97.

25. The total unreported gross income for [petitioner and his spouse] for the taxable year 1988 is $108,438.07.

26. [Petitioner's] share of the total unreported gross income for 1988, under community property laws of Texas, is $54,219.04.

27. The total unreported taxable income for [petitioner and his spouse] for the taxable year 1989 is $47,968.80.

28. [Petitioner's] share of the total unreported gross income [for 1989], under the community property laws of Texas, is $23,984.40.

*     *     *     *     *     *     *

32. [Petitioner's] correct tax liability, including self-employment tax, for the taxable years 1987, 1988, and 1989, is $23,320.00, $18,554.00, and $9,658.00, respectively.

The deemed admissions establish that there is no genuine issue of material fact with respect to the underlying deficiencies and support respondent's determination in this regard.  Marshall v. Commissioner, supra at 271-272; Freedson v. Commissioner, supra at 334-336.  We sustain respondent's determination of the deficiencies for 1987 through 1989 as shown in the notice of deficiency.

B.  Additions to Tax for Fraud

The second issue is whether petitioner is liable for the additions to tax for fraud under section 6653(b)(1)(A) and (B) for 1987, section 6653(b)(1) for 1988, and section 6651(f) for 1989.  For 1987, section 6653(b)(1)(A) imposes an addition to tax equal to 75 percent of the portion of the underpayment attributable to fraud, and section 6653(b)(1)(B) imposes an addition to tax equal to 50 percent of the interest payable under section 6601 with respect to that portion.  For 1988, section 6653(b)(1) imposes an addition to tax equal to 75 percent of the portion of an underpayment that is due to fraud.  For 1989, section 6651(f) imposes an addition to tax of similar proportion where a failure to file a return is fraudulent.  Because these provisions are analyzed similarly as to the determination of fraudulent intent, we consolidate our discussion of fraud determinations.  Clayton v. Commissioner, 102 T.C. 632, 653 (1994).

The additions to tax for fraud are civil sanctions "provided primarily as a safeguard for the protection of the revenue and to reimburse the government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud." Helvering v. Mitchell, 303 U.S. 391, 401 (1938). Fraud is defined as intentional wrongdoing on the part of the taxpayer with the specific purpose of evading a tax believed to be owing. Mitchell v. Commissioner, 118 F.2d 308, 310 (5th Cir. 1941); Petzoldt v. Commissioner, 92 T.C. 661, 698 (1989). Section 7454 states in pertinent part that "In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Secretary." Rule 142(b) requires that this burden be carried by clear and convincing evidence. Castillo v. Commissioner, 84 T.C. 405, 408 (1985).

Under section 6653(b)(1)(A) for 1987 and section 6653(b)(1) for 1988, the fraud addition is imposed where there is an underpayment of tax required to be shown on the return that is due to fraud. Fraud is shown by proof that the taxpayer intended to conceal, mislead, or otherwise prevent the collection of his or her taxes. Spies v. United States, 317 U.S. 492, 499 (1943); Stoltzfus v. Unites States, 398 F.2d 1002, 1005 (3d Cir. 1968); Webb v. Commissioner, 394 F.2d 366, 377 (5th Cir. 1968), affd.

T.C. Memo. 1966-81; Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983).

## 1.  Section 6653 Underpayment of Tax for 1987 and 1988

To impose liability under section 6653(b)(1)(A) and (B) for 1987 and section 6653(b)(1) for 1988, respondent must first prove that there has been an underpayment of taxes for the years in issue.  Lee v. United States, 466 F.2d 11, 16-17 (5th Cir. 1972); Plunkett v. Commissioner, 465 F.2d 299, 303 (7th Cir. 1972), affg. T.C. Memo. 1970-274.  Section 6653(c)(1) defines "underpayment" as a deficiency as defined in section 6211, except that in making the deficiency calculation under section 6211, section 6653(c)(1) states that "the tax shown on a return referred to in section 6211(a)(1)(A) shall be taken into account only if such return was filed on or before the last day prescribed for the filing of such return".

Petitioner failed to file Federal income tax returns for 1987 and 1988.  The deemed admissions establish that petitioner's tax liabilities for 1987 and 1988 are $23,320 and $18,554, respectively.  Since for purposes of sec. 6653(c)(1) "a taxpayer will automatically create an 'underpayment' in the amount of the correct tax simply because he or she files an untimely return", we conclude that petitioner underpaid his taxes in 1987 and 1988. See Emmons v. Commissioner, 92 T.C. 342, 349 (1989), affd. 898 F.2d 50 (5th Cir. 1990).

2.  Fraudulent Intent

Under section 6653(b)(1)(A) for 1987, section 6653(b)(1) for 1988, and section 6651(f) for 1989, respondent must show that petitioner intended to conceal, mislead, or otherwise prevent the collection of taxes.  Stoltzfus v. United States, supra at 1004; Webb v. Commissioner, 394 F.2d 366, 377 (5th Cir. 1968), affg. T.C. Memo. 1966-81; Rowlee v. Commissioner, supra at 1123. Because direct proof of a taxpayer's intent is rarely available, fraud may be proven by circumstantial evidence, and reasonable inferences may be drawn from the relevant facts.  Spies v. United States, supra at 499; Stephenson v. Commissioner, 79 T.C. 995, 1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984); Collins v. Commissioner, T.C. Memo. 1994-409.

Because matters deemed admitted pursuant to Rule 90 are conclusively established and may be sufficient to support the granting of a motion for summary judgment, respondent may establish fraud by relying on petitioner's deemed admissions. Marshall v. Commissioner, 85 T.C. 267, 272-273 (1985); Morrison v. Commissioner, 81 T.C. 644, 651 (1983); Doncaster v. Commissioner, 77 T.C. 334, 336 (1981).  Petitioner is deemed to have admitted under Rule 90(c) that

34.  [Petitioner's] failure to file a federal income tax return for each of the taxable years 1987, 1988, and 1989, was fraudulent with the intent to evade the payment of taxes on taxable income earned in each respective year.
35.  [Petitioner] failed to maintain complete and adequate records of the activities [he] conducted in cash during the

taxable years 1987, 1988, and 1989, with the intent to evade the payment of taxes on such business transactions in each respective year.

36. [Petitioner] failed to produce any records of [his] business or personal activities for respondent during the examination of [his] income tax liabilities for the taxable years 1987, 1988, and 1989.

37. [Petitioner's] failure to produce any records of [his] business or personal activities for respondent during the examination of [petitioner's] income tax liabilities for the taxable years 1987, 1988, and 1989 was fraudulent with the intent to evade the payment of taxes for each respective year.

In support of a finding of fraud, courts have relied on a number of indicia of fraud in deciding section 6653(b) and section 6651(f) cases. Indicia of fraud include: (1) A pattern of understatement of income, (2) maintaining inadequate books and records, (3) failing to file tax returns, (4) giving implausible or inconsistent explanations of behavior, (5) concealing assets, (6) failing to cooperate with taxing authorities, (7) engaging in illegal activities, (8) attempting to conceal illegal activities, (9) dealing in cash, and (10) failing to make estimated tax payments. Recklitis v. Commissioner, 91 T.C. 874, 910 (1988). Although no single factor is necessarily dispositive on the issue of fraud, the existence of several indicia is persuasive circumstantial evidence. Petzoldt v. Commissioner, 92 T.C. at 700. Respondent argues that through the deemed admissions fraud is clearly and convincingly established by petitioner's conduct of dealing in cash, petitioner's failure to file tax returns and report income earned, and petitioner's failure to

maintain records of his business activities or produce any records to respondent during the examination.  We agree with respondent.  Respondent, through the deemed admissions, has affirmatively shown various indicia of fraud committed by petitioner.  First, petitioner's understatement of income in 1987 through 1989 indicates fraud.  Through the deemed admitted facts, respondent has established that over a 3-year period petitioner engaged in a pattern of concealing substantial amounts of income.  Petitioner received substantial income from his involvement in gambling activities, the sale of illegal narcotics, and the sale and repair of used cars.  Petitioner has admitted that he and Ms. Campbell had unreported gross income in the amounts of $126,846, $108,438, and $47,969 for 1987 through 1989, respectively.  This is strong evidence of an intent to evade tax. Merritt v. Commissioner, 301 F.2d 484, 487 (5th Cir. 1962), affg. T.C. Memo. 1959-172.

Second, failure to maintain adequate books and records and failure to produce business records during the examination process are evidence of fraud.  The deemed admissions in pertinent part establish that petitioner

> failed to maintain complete and adequate records of the activities [he] conducted in cash during the taxable years 1987, 1988, and 1989 * * * [and that petitioner] failed to produce any records of [his] business or personal activities for respondent during the examination of [petitioner's] income tax liabilities for the taxable years 1987, 1988, and 1989.

Furthermore, petitioner is deemed to have admitted that his failure to produce records "was fraudulent with the intent to evade the payment of taxes".

Third, failing to file tax returns is evidence of fraud. "[T]he mere failure to file tax returns, even over an extended period of time, does not per se establish fraud * * * however, the failure to file tax returns is persuasive circumstantial evidence of fraud."  Marsellus v. Commissioner, 544 F.2d 883 (5th Cir. 1977), affg. T.C. Memo. 1975-368.  Petitioner is deemed to have admitted that he failed to file Federal income tax returns for 1987 through 1989.  In addition, petitioner's prior filings of joint income tax returns for 1983 through 1986 indicate petitioner's knowledge of the yearly requirement to file and further support a finding that petitioner possessed fraudulent intent in failing to file returns for the years in issue.

In conclusion, petitioner's deemed admissions support a finding of fraud.  Respondent has established by clear and convincing evidence that petitioner acted fraudulently in failing to file returns and report income for 1987 through 1989.

> An appropriate order
> will be issued and decision
> will be entered.