BEATRIZ MEJIA CONINCK, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 30591-91. Filed June 1, 1993.

*Thomas A. Dombrowski,* for respondent.

OPINION

RUWE, *Judge:* This case is before the Court on respondent's motion to dismiss for cause pursuant to Rule 53.[1] Respond-

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the period in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

ent asks that we dismiss by refusing to exercise our jurisdiction.

Respondent determined a deficiency in petitioner's Federal income tax and additions to tax as follows:

*Additions to tax*

| Year | Deficiency | Sec. 6653(b)(1) | Sec. 6653(b)(2) | Sec. 6661 |
|------|-----------|-----------------|-----------------|-----------|
| 1985 | $43,466 | $21,733 | 50% of the interest due on $43,466 | $10,867 |

After the notice of deficiency was sent and the petition filed in this case, respondent, on May 7, 1992, filed a notice of jeopardy assessment for 1985, pursuant to section 6861,[2] in the following amounts:

*Additions to tax*

| Tax | Sec. 6653(b)(1) | Sec. 6653(b)(2) | Sec. 6661 | Interest |
|-----|-----------------|-----------------|-----------|----------|
| $43,466 | $21,733 | $18,757 | $10,867 | $46,896 |

Petitioner's residence was in San Diego, California, at the time her petition was filed.

On March 22, 1993, respondent filed a request for admissions pursuant to Rule 90. Petitioner failed to respond to respondent's request for admissions. As a result, petitioner is deemed to have admitted the facts which respondent alleged in the request for admissions. Rule 90(c).

The facts that petitioner is deemed to have admitted are summarized as follows. During 1985 and 1986, petitioner participated in a money-laundering scheme in which she and her coconspirators laundered over $29 million with Blue House Financial, Inc. The conspirators filed false currency transaction reports with the Internal Revenue Service and failed to file such reports for some of the laundered currency. The conspirators, including petitioner, received a 5-percent commission on all laundered currency. During 1985, petitioner received at least $90,000 in commission income. Petitioner kept no books, records, or invoices reflecting her

---

[2] The jeopardy assessment does not adversely affect our jurisdiction to redetermine respondent's determination. Sec. 6861(c).

commission income and did not report any commission income on her income tax return for 1985, which falsely showed a tax liability of $2,615 based on taxable income of $17,928. Petitioner's correct income tax liability for 1985 is $46,081. Petitioner used cash during 1985 with intent to fraudulently evade tax. Petitioner's failure to keep books or records or report commission income on her 1985 return was fraudulent with intent to evade tax.[3]

Petitioner was convicted and imprisoned for her role in the conspiracy. Petitioner's attorney filed a petition on behalf of petitioner after respondent mailed the notice of deficiency. Subsequently, on January 28, 1993, petitioner's attorney filed a motion to withdraw as counsel based upon petitioner's failure to communicate with her attorney. By order dated February 3, 1993, this Court granted the motion to withdraw as petitioner's counsel. At the Court's May 3, 1993, San Diego, California, trial session, no appearance was made by or on behalf of petitioner.

Respondent alleges that petitioner has fled the United States in violation of her parole and is a fugitive. In the motion to dismiss, respondent asks that we decline to exercise our jurisdiction in this case "as a matter of public policy", asserting that petitioner has unlawfully placed herself outside the territorial jurisdiction of the United States and should therefore not be permitted to avail herself of the benefits of our judicial process. In support of the motion to dismiss, respondent cites both criminal and civil cases in which courts have declined to hear the appeal of a fugitive plaintiff or appellant. E.g., *Molinaro v. New Jersey*, 396 U.S. 365 (1970); *Eisler v. United States*, 338 U.S. 189 (1949); *Dawkins v. Mitchell*, 437 F.2d 646 (D.C. Cir. 1970); *Doyle v. United States Dept. of Justice*, 494 F. Supp. 842 (D.D.C. 1980), affd. per curiam 668 F.2d 1365 (D.C. Cir. 1981).

These cases can indeed be construed as allowing courts to decline to exercise their jurisdiction in certain situations. In *Molinaro v. New Jersey, supra* at 366, the Supreme Court stated:

---

[3] We note that due to petitioner's failure to appear at trial and prosecute her case, the above facts could also be found based upon an entry of default judgment, since they were adequately pleaded in respondent's answer to the petition. *Smith v. Commissioner*, 91 T.C. 1049, 1056-1057 (1988), affd. 926 F.2d 1470 (6th Cir. 1991); *Bosurgi v. Commissioner*, 87 T.C. 1403, 1409 (1986).

we believe * * * [fugitive status] disentitles the defendant to call upon the resources of the Court for determination of his claims. In the absence of specific provision to the contrary in the statute under which Molinaro appeals, 28 U.S.C. §1257(2), we conclude * * * that the Court has the authority to dismiss the appeal on this ground. * * *

This Court, however, is not free to "deny its jurisdiction" once it has attached by means of a valid petition filed in accordance with the law and our Rules of procedure. The filing of a valid petition activates several specific statutory provisions that confer exclusive jurisdiction upon this Court over any issues contained in the filing taxpayer's petition. Sec. 7422(e). Until our decision becomes final, no assessment, levy, or proceeding relating to collection of the tax at issue can be made or begun, sec. 6213(b), no refund or credit can be made by the Commissioner, and no suit for refund may be instituted by the taxpayer, sec. 6512(a). Thus, unlike the situation in *Molinaro,* specific statutory provisions preserve our jurisdiction unimpaired until we have decided the controversy. *Estate of Ming v. Commissioner,* 62 T.C. 519, 521 (1974); *Dorl v. Commissioner,* 57 T.C. 720, 721-722 (1972), affd. 507 F.2d 406 (2d Cir. 1974); *Main-Hammond Land Trust v. Commissioner,* 17 T.C. 942, 956 (1951), affd. on other grounds 200 F.2d 308 (6th Cir. 1952). Respondent's motion to dismiss for lack of jurisdiction is therefore denied.[4]

We may, of course, dismiss a fugitive taxpayer's case under Rule 123(b), but dismissal pursuant to Rule 123(b) is not based on lack of jurisdiction. Dismissal pursuant to Rule 123(b) results in a decision that the deficiency is the amount determined by the Commissioner. Sec. 7459(d). See *Berkery v. Commissioner,* 90 T.C. 259, 264-266 (citing *Molinaro v. New Jersey, supra*), vacated 91 T.C. 179 (1988), affd. 872 F.2d 411 (3d Cir. 1989), in which we dismissed under Rule 123(b) based on the taxpayer's fugitive status and entered a decision against the taxpayer as to those issues on which the taxpayer bore the burden of proof. Had we dismissed in *Berkery* for lack of jurisdiction, no such decision could have been entered. Sec. 7459(d).

In the instant case, petitioner bears the burden of proof with respect to the deficiency and addition to tax under section 6661, but respondent bears the burden of proof with

---

[4] Since we hold that a taxpayer's fugitive status is not a basis for dismissal on jurisdictional grounds, we need not decide whether petitioner is in fact a fugitive.

respect to the additions to tax due to fraud. Petitioner has clearly failed to meet her burden and, in any event, the deemed admissions by petitioner establish the deficiency and addition to tax under section 6661.

With respect to the addition to tax for fraud, respondent must establish by clear and convincing evidence that: (1) An underpayment exists for the year in issue, and (2) some portion of the underpayment is due to fraud. *Petzoldt v. Commissioner*, 92 T.C. 661, 698-699 (1989); *Hebrank v. Commissioner*, 81 T.C. 640, 642 (1983); *Habersham-Bey v. Commissioner*, 78 T.C. 304, 311 (1982). To meet this burden, respondent must show that petitioner intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. *Rowlee v. Commissioner*, 80 T.C. 1111, 1123 (1983). Fraudulent intent may be inferred from a pattern of conduct. *Spies v. United States*, 317 U.S. 492, 499 (1943). Indicia of fraud include understated income, inadequate records, implausible or inconsistent explanations of behavior, concealment of assets, and failure to cooperate with tax authorities. *Bradford v. Commissioner*, 796 F.2d 303 (9th Cir. 1986), affg. T.C. Memo. 1984-601.

Respondent's burden of proving liability for the addition to tax for fraud may be satisfied with deemed admissions. *Marshall v. Commissioner*, 85 T.C. 267, 273 (1985).[5] Based on petitioner's deemed admissions, we find that there was an understatement of tax for 1985 that was due to fraud.

Petitioner failed to appear for trial to contest respondent's determinations and is bound by her deemed admissions. The undisputed facts clearly entitle respondent to judgment as to the deficiency and additions to tax which were determined in the notice of deficiency.

---

[5] In a case like this where there is no appearance by or on behalf of petitioner at the time set for trial, we may hold petitioner in default under Rule 123(a) and decide the sec. 6653(b) addition to tax in respondent's favor if the allegations in respondent's pleadings set forth sufficient facts to support such a judgment. *Smith v. Commissioner, supra* at 1058-1059. As previously noted, respondent's answer sets forth sufficient facts to establish fraud.

*An appropriate order denying respondent's motion and a decision in favor of respondent will be entered.*