THOMAS C. FRANCHI, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Franchi v. Commissioner
Docket No. 6131-92
United States Tax Court
T.C. Memo 1995-37; 1995 Tax Ct. Memo LEXIS 38; 69 T.C.M. (CCH) 1754; January 26, 1995, Filed *38 During the years at issue, P operated a business engaged in the preparation of income tax returns. P also received income from other activities. R determined that P had unreported income and that he had overstated certain deductions. Pursuant to Rule 90(a), Tax Court Rules of Practice and Procedure, R served upon P certain requests for admissions. P did not respond to the requests; thus, under Rule 90(c), Tax Court Rules of Practice and Procedure, the facts contained within the admissions' requests are deemed admitted. Given the fact that all the facts necessary for a decision are deemed admitted, there is no factual dispute remaining, and R is entitled to judgment as a matter of law. Consequently, R's motion for summary judgment will be granted. Rule 121(b), Tax Court Rules of Practice and Procedure.
Thomas C. Franchi, pro se. For respondent: Terry W. Vincent. NIMS
NIMS
MEMORANDUM OPINION NIMS, Judge: This matter is before the Court on respondent's motion for summary judgment pursuant to Rule 121. Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec. Sec.
Year
Deficiency
6653(b)(1)
6653(b)(1)(A)
6653(b)(2)
6653(b)(1)(B)
6661
1984
$  9,942
$ 4,971
$   --   *
$ --
$  2,486
1985
5,441
2,721
--   *
--
1,360
1986
16,970
--  12,728
-- *
4,234
1987
40,410
--  30,308
-- *
10,103
* 50 percent of the interest due on the portion
of the underpayment due to fraud.
*39 Under Rule 121(b), we may grant summary judgment where the pleadings, discovery devices, and affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Respondent's motion is based on petitioner's repeated failure to respond to requests for admissions served on petitioner by respondent pursuant to Rule 90(a). Under Rule 90(c), if a party fails to respond to a properly served request for admissions, he is deemed to have admitted each matter asserted in the admissions request. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent's motion for summary judgment raises the following issues: (1) Whether petitioner received unreported income in 1984 through 1987; (2) whether petitioner overstated deductions in the same years; and (3) whether petitioner is liable for additions to tax for fraud under section 6653(b)(1) and (2) and section 6653(b)(1)(A) and (B) and for substantial understatement of tax under section 6661. On December 20, 1991, respondent mailed *40 petitioner a notice of deficiency for petitioner's taxable years 1984 through 1987. In her notice, respondent determined deficiencies in petitioner's Federal income taxes resulting from unreported income and disallowed expenses. On March 23, 1992, petitioner filed a petition with this Court to redetermine respondent's asserted deficiencies. On July 1, 1993, respondent served on petitioner Respondent's Request for Admissions (First Admissions Request) and Respondent's Request for Production of Documents (Document Request). The Document Request sought various documents that would support petitioner's positions asserted in his returns filed for 1984 through 1987. Petitioner failed to respond to either request. On January 25, 1994, as a result of petitioner's repeated failure to respond to the Document Request and prior orders of this Court, we issued an order under Rule 104(c) prohibiting petitioner from offering as evidence any of the documents listed in the Document Request. On April 1, 1994, respondent served upon petitioner Respondent's Second Request for Admissions (Second Admissions Request). As with the First Admissions Request, petitioner never responded to the Second *41 Admissions Request. Based on petitioner's failure to respond to the First and Second Admissions Request, under Rule 90(c) petitioner is deemed to have admitted the following facts, which we incorporate herein by this reference as our finding of facts. Petitioner resided in Beaver, Pennsylvania, at the time the petition was filed. During the years 1984 through 1987, petitioner operated a business in which he engaged in the preparation of income tax returns. During this time, petitioner prepared at least 5,620 returns. For his services, petitioner was usually paid in cash, of which a significant amount was never deposited into a bank account. Petitioner received and reported the following amounts with respect to his tax return preparation business: Year
Amount Received
Amount Reported on Form 1040
1984
$ 36,159
$ 21,890
1985
51,407
29,128
1986
74,712
52,105
1987
98,852
60,315
From 1984 to 1987, petitioner also engaged in the sale of firewood. Each year, petitioner intentionally failed to report any of the income generated by the sale of firewood. In 1984, petitioner sold a parcel of real estate to William Fiden for $ 2,000. Petitioner intentionally failed *42 to include the sale proceeds on his 1984 return. Additionally, in 1982, petitioner sold a house trailer to Larry Beighey for $ 3,500 on an installment basis. In 1984, petitioner received $ 2,000 from the sale of the trailer but intentionally failed to include any of this amount on his 1984 return. In 1986, petitioner sold a one-half interest in the L & L Waterworks partnership for $ 7,000. Petitioner intentionally failed to include any of the proceeds from the sale of the partnership interest on his 1986 return. In addition to the numerous items of unreported income, petitioner knowingly fabricated and/or inflated deductions on his returns from 1984 to 1987. Based on the above stated, petitioner understated his Federal tax liability for the years 1984, 1985, 1986, and 1987 in the amounts of $ 9,942, $ 5,441, $ 16,970, and $ 40,410, respectively. With the exception of the additions to tax for fraud, petitioner bears the burden of proving that respondent's determinations, as set out in the notice of deficiency, are incorrect. Rule 142(a) and (b). Petitioner has not offered any evidence that supports the positions asserted on his returns, nor has petitioner refuted the nonfraudulent *43 additions to tax under section 6661. Thus, to the extent asserted by respondent, we sustain the deficiencies and nonfraudulent additions to tax asserted in the notice of deficiency. With regard to the additions to tax for fraud, respondent must establish by clear and convincing evidence that: (1) An underpayment exists for the year in issue, and (2) some portion of the underpayment is due to fraud. Coninck v. Commissioner, 100 T.C. 495, 499 (1993); Petzoldt v. Commissioner, 92 T.C. 661, 698-699 (1989). We have previously held that respondent may meet her burden of proving fraud with facts deemed admitted by the taxpayer under Rule 90(c). Coninck v. Commissioner, supra (citing Marshall v. Commissioner, 85 T.C. 267, 273 (1985)). By his failure to respond to respondent's requests for admissions, under Rule 90(c) petitioner is deemed to have admitted that the following badges of fraud were present: (1) Petitioner knowingly failed to report portions of his gross income during the years at issue, and (2) petitioner knowingly fabricated and/or inflated certain *44 deductions claimed on his returns during the years at issue. Additionally, petitioner is deemed to have admitted the following: Petitioner fraudulently understated his taxable income on his income tax returns for the taxable years 1984, 1985, 1986 and 1987, with the intent to evade tax. Petitioner fraudulently understated his income tax liabilities on his income tax returns for the taxable years 1984, 1985, 1986 and 1987, with the intent to evade tax.
As we held in Marshall v. Commissioner, supra, under similar circumstances, these deemed admissions are sufficient to satisfy respondent's burden of proving fraud. Therefore, we sustain the additions to tax under sections 6653(b)(1) and (2) and 6653(b)(1)(A) and (B) for fraud. As already noted, the facts upon which we have held that respondent has satisfied her burden of proving fraud are based entirely upon petitioner's deemed admissions. In Estate of Spear v. Commissioner, 41 F.3d 103 (3d Cir. 1994), revg. T.C. Memo. 1993-213, the Court of Appeals for the Third Circuit, the Court to which an appeal of the case before us would lie, held *45 on the facts of that case that the sanction of deeming facts to be true that furnished the predicate for use of the net worth method, and of shifting the burden of proof on both net worth and fraud from the IRS to the taxpayer, constituted an abuse of discretion and must be set aside. However, the situation in Estate of Spear and that of this case are wholly dissimilar. In Estate of Spear, one of the taxpayers declined to testify in Court, based upon the repeatedly offered opinions of a board-certified psychiatrist that the taxpayer manifested continuing suicidal tendencies that would be exacerbated by a mandated Court appearance. In addition, the taxpayer had previously been deposed on videotape for possible use of the deposition at the trial. By contrast, petitioner has simply declined to participate in any meaningful way in the preparation for, or trial of, his case before us. Petitioner has simply ignored respondent's requests for admissions and requests for production of documents. Petitioner's only response to an Order of the Court directing him to respond to respondent's Motion for Summary Judgment was to request a continuance, pending resolution of his related *46 criminal case which, in fact, had already been resolved at the time of respondent's Motion. For the foregoing reasons, Estate of Spear v. Commissioner, supra, is not controlling here. An appropriate order and decision will be entered.