111 T.C. No. 14

UNITED STATES TAX COURT

HALLMARK CARDS, INCORPORATED AND SUBSIDIARIES, Petitioner
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27306-92.                    Filed October 30, 1998.

In a decision which has become final, this Court determined that P had an overpayment of Federal income tax for the taxable year 1987, due to a foreign tax carryback from 1989. Prior to the application of the carryback, P had a deficiency for 1987. P filed a timely motion to redetermine interest under sec. 7481(c), I.R.C. Thereafter, P filed a motion for leave to withdraw its earlier motion on jurisdictional grounds. <u>Held</u>, this Court has jurisdiction over P's motion to redetermine interest. <u>Held, further</u>, the exercise of such jurisdiction is mandatory, and, thus, P's motion to withdraw is denied. <u>Held, further</u>, P's motion to redetermine interest is denied. <u>Intel Corp. & Consol. Subs. v. Commissioner</u>, 111 T.C. 90 (1998).

<u>Jerome B. Libin</u>, <u>James V. Heffernan</u>, <u>Bradley M. Seltzer</u>, and <u>James B. Overman</u>, for petitioner.

<u>Michael L. Boman</u>, for respondent.

OPINION

TANNENWALD, <u>Judge</u>:  On January 28, 1997, the Court entered a decision in the instant case, which became final within the meaning of section 7481(a)[1] on April 28, 1997.  On March 26, 1998, petitioner timely filed a motion under section 7481(c) and Rule 261 to redetermine interest on deficiency for the taxable year 1987 (motion to redetermine interest).  Subsequently, on August 27, 1998, petitioner filed a motion for leave to withdraw motion to redetermine interest on deficiency (motion to withdraw).  Petitioner filed its motion to withdraw in order to pursue remedies in another forum, citing concerns about this Court's jurisdiction to redetermine interest under the facts of the instant case.

Petitioner is a corporation whose principal offices were in Kansas City, Missouri, at the time its petition was filed.  The Court's decision, pursuant to the stipulation of the parties, determined that there were overpayments for each of the taxable years 1987 and 1988.  According to the stipulation, the overpayment for 1987 was due to a foreign tax carryback from 1989.  The amount of the carryback exceeded the amount of the deficiency (as shown in the stipulation) computed without taking such foreign tax carryback into effect.  Petitioner has paid the

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

unreduced deficiency and the interest thereon. Respondent has refunded the 1987 overpayment resulting from the carryback, a portion of overpayment interest thereon, and a portion of previously assessed deficiency interest for that year.

Petitioner's motion to redetermine interest alleges that respondent erred in computing interest on that portion of the previously existing deficiency that was satisfied by the application of the foreign tax carryback. Respondent computed interest on such deficiency during the period beginning with the due date for petitioner's 1987 tax return and ending with the due date of the 1989 return, March 15, 1990. It is petitioner's position that, in any event, interest on the deficiency should stop accruing as of December 31, 1989, the end of the taxable year in which the carryback arose. Petitioner's position on these issues is identical to that of the taxpayer in Intel Corp. & Consol. Subs. v. Commissioner, 111 T.C. 90 (1998), in which we denied the taxpayer's motion to redetermine interest.

Petitioner adopts an indecisive approach to support its motion to withdraw. Thus, it does not directly seek to persuade us to decide that we do not have jurisdiction, apparently assuming that we would decide the issue unfavorably to petitioner, see Bankamerica Corp. v. Commissioner, 109 T.C. 1, 7 (1997). Further, it is apparent that petitioner's concern over our jurisdiction became a critical element in petitioner's strategy only after our decision in Intel Corp. & Consol. Subs.

v. Commissioner, supra.  Petitioner obviously assumes that we would deny its motion to redetermine interest on the authority of that case.  It seeks to avoid this result by suggesting in its motion to withdraw that the Court of Appeals for the Eighth Circuit, to which an appeal of this case would lie, would hold that we did not have jurisdiction over petitioner's motion to redetermine interest, at a time when a remedy in another forum might be barred by the 2-year period of limitations on suits for refund after a denial by respondent of the claim for refund.[2] With due regard for petitioner's resourcefulness in seeking to avoid adverse precedent in this case, for the reasons hereinafter stated, we are not persuaded to follow its blandishments.  In reaching this conclusion, we note that any question as to our jurisdiction existed at the time the motion to redetermine interest herein was filed, and if, indeed, it presented as serious a problem as petitioner now seeks to portray, petitioner should not have filed such motion in the first place, but rather should have sought relief from one of the other forums to which it now seeks to go.

---

[2]  Petitioner does not elaborate on this assertion. However, it would appear to rest on the prohibition set forth in sec. 6512(a) against bringing a suit for refund while a proceeding is pending in this Court with the result that any suit for refund would be dismissed, exposing petitioner to the running of the 2-year period of limitations on any subsequent suit for such refund instituted after action by the Court of Appeals for the Eighth Circuit.

At the outset, we are constrained to observe that we cannot accept petitioner's invitation to leave open the question of our jurisdiction of its motion to redetermine interest under section 7481(c). Even where the parties fail to raise the issue, we are required to resolve a question as to our jurisdiction on our own initiative. Powell v. Commissioner, 96 T.C. 709, 710 (1991).

We turn first to the scope of section 7481(c), which currently provides:

> (c) Jurisdiction Over Interest Determinations.--
>
> (1) In general.--Notwithstanding subsection (a), if, within 1 year after the date the decision of the Tax Court becomes final under subsection (a) in a case to which this subsection applies, the taxpayer files a motion in the Tax Court for a redetermination of the amount of interest involved, then the Tax Court may reopen the case solely to determine whether the taxpayer has made an overpayment of such interest or the Secretary has made an underpayment of such interest and the amount thereof.
>
> (2) Cases to which this subsection applies.-- This subsection shall apply where--
>
> (A)(i) an assessment has been made by the Secretary under section 6215 which includes interest as imposed by this title, and
>
> (ii) the taxpayer has paid the entire amount of the deficiency plus interest claimed by the Secretary, and
>
> (B) the Tax Court finds under section 6512(b) that the taxpayer has made an overpayment.
>
> (3) Special rules.--If the Tax Court determines under this subsection that the taxpayer has made an overpayment of interest or that the

Secretary has made an underpayment of interest, then that determination shall be treated under section 6512(b)(1) as a determination of an overpayment of tax. An order of the Tax Court redetermining interest, when entered upon the records of the court, shall be reviewable in the same manner as a decision of the Tax Court.

Section 7481(c) was amended by the Taxpayer Relief Act of 1997 (the amendment), Pub. L. 105-34, sec. 1452, 111 Stat. 1054, effective on the date of enactment, August 5, 1997. Prior to the amendment, section 7481(c) read:

(c) Jurisdiction Over Interest Determinations.-- Notwithstanding subsection (a), if--

(1) an assessment has been made by the Secretary under section 6215 which includes interest as imposed by this title,

(2) the taxpayer has paid the entire amount of the deficiency plus interest claimed by the Secretary, and

(3) within 1 year after the date the decision of the Tax Court becomes final under subsection (a), the taxpayer files a petition in the Tax Court for a determination that the amount of interest claimed by the Secretary exceeds the amount of interest imposed by this title,

then the Tax Court may reopen the case solely to determine whether the taxpayer has made an overpayment of such interest and the amount of any such overpayment. * * *

Specifically, petitioner argues that, since the decision in this case became final under section 7481(a) prior to the amendment, the earlier version of section 7481(c) applies, and such version may be viewed as giving this Court jurisdiction to determine interest only where a deficiency is assessed under

section 6215. Because our decision in this case did not determine any deficiency for 1987, no deficiency was assessed under section 6215, and therefore, petitioner argues, the Court may not have jurisdiction under the earlier version of section 7481(c).

As indicated, the amendment has an effective date of August 5, 1997. Unlike some statutory amendments, the effective date is not tied to a specific event.[3] Although the decision in this case became final under section 7481(a) before the effective date, the motion to redetermine interest was filed after the effective date. Thus, at the time of filing the motion to redetermine interest, the Court's jurisdiction undoubtedly extended to interest where the Court's decision on its face has determined only an overpayment, as is the case herein.

Aside from the effective date issue, we do not share petitioner's concern as to our jurisdiction because no deficiency was determined by this Court and assessed pursuant to section 6215 as provided in section 7481(c)(1) as it existed prior to the amendment.

Section 6215 provides in pertinent part:

_____

[3] Cf., e.g., Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, sec. 6246, 102 Stat. 3751 (jurisdiction to review interest assessed on deficiency determined by the Tax Court effective with <u>assessments made after</u> date of enactment); TAMRA, sec. 6247, 102 Stat. 3751 (jurisdiction to reopen estate tax cases to determine deduction for interest paid on installments of taxes effective for <u>cases for which the decision is not final</u> on date of enactment).

SEC. 6215.  ASSESSMENT OF DEFICIENCY FOUND BY TAX
          COURT.

 (a)  General Rule.--If the taxpayer files a petition with the Tax Court, the entire amount redetermined as the deficiency by the decision of the Tax Court which has become final shall be assessed and shall be paid upon notice and demand * * *

It cannot be gainsaid that, on its face, our decision herein did not determine a deficiency for 1987 and that consequently no deficiency as determined by the Court was assessed.  In this narrow context, it can be argued that the literal language of section 7481(c)(1) has not been satisfied.  We are satisfied that section 7481(c)(1) should not be given such a narrow interpretation.  This case originally involved a deficiency notice for 1987, and the stipulated settlement which formed the basis of our decision reflected a deficiency, albeit that it was wiped out by the application of the 1989 foreign tax carryback.  Indeed, if there had not been a deficiency for 1987, there could have been no basis for the assessment of deficiency interest by respondent.  The fact is that a deficiency was the underpinning for our determination of the amount of the 1987 overpayment.  Under these circumstances, we are satisfied that the requirements of section 7481(c)(1) have been met.[4]  Bankamerica Corp. v. Commissioner, 109 T.C. at 7.

---

[4]  We would reach the same conclusion if the current version (sec. 7481(c)(2)(A)(i)), containing identical language, were found to be applicable.

Having decided that we have jurisdiction over petitioner's motion to redetermine interest, we turn to the question whether to grant or deny petitioner's motion to withdraw such motion. Respondent argues that, if our jurisdiction attaches, we must exercise that jurisdiction and cannot grant petitioner's motion to withdraw.

During the pendency of a case in this Court, our jurisdiction is exclusive and, with a few exceptions, another proceeding may not be commenced or, if already commenced, is stayed. Secs. 6213(a), 6512(a), 7422(e). Filing a petition in this Court that is properly subject to our jurisdiction precludes the taxpayer from later bringing a refund suit for the same type of tax for the same taxable period. Sec. 6512(a); Estate of Ming v. Commissioner, 62 T.C. 519, 521 (1974) (quoting Dorl v. Commissioner, 57 T.C. 720, 721-722 (1972)). It is well settled that, when the jurisdiction of this Court is properly invoked by the filing of a valid petition to redetermine a deficiency, we cannot refuse to exercise that jurisdiction. Coninck v. Commissioner, 100 T.C. 495, 498 (1993); cf. sec. 7459(d).

The question before us is the extent to which the foregoing principles should apply to a motion to redetermine interest under section 7481(c). Section 6512(a) provides in pertinent part:

> If the Secretary has mailed to the taxpayer a notice of
> deficiency under section 6212(a) (relating to
> deficiencies of income, estate, gift, and certain
> excise taxes) and if the taxpayer files a petition with
> the Tax Court within the time prescribed in section

6213(a) (<u>or 7481(c) with respect to a determination of
statutory interest</u> or section 7481(d) solely with
respect to a determination of estate tax by the Tax
Court), no credit or refund of income tax for the same
taxable year, * * * to which such petition relates, in
respect of which the Secretary has determined the
deficiency shall be allowed or made and no suit by the
taxpayer for the recovery of any part of the tax shall
be instituted in any court * * *  [Emphasis added.]

We think it significant that Congress, in enacting section 7481(c) in 1988, saw fit specifically to include action under that section in section 6512(a).[5]  In so doing, Congress voiced its belief that the impact, in respect of a motion to redetermine interest, should be the same as that in respect of a petition to redetermine a deficiency.  In <u>Estate of Ming v. Commissioner</u>, <u>supra</u> (which involved a motion to withdraw), and <u>Dorl v. Commissioner</u>, <u>supra</u> (which involved a motion for removal to a District Court), we expressly rested our decision on our inability to renounce jurisdiction under section 6512(a).  Such being the case, we conclude that, since we have jurisdiction over petitioner's motion to redetermine interest under section 7481(c), we must dispose of it on the merits.  It is that task to which we now turn.

As stated above, the issues are the same as those involved in <u>Intel Corp. & Consol. Subs. v. Commissioner</u>, 111 T.C. 90 (1998).  For the reasons stated in our opinion in that case, we

---

[5]  TAMRA, sec. 6246(b)(1), 102 Stat. 3751.  Although the amendment of sec. 7481(c) changed the word "petition" to "motion", sec. 6512(a) was not similarly amended.

hold that interest accrues on petitioner's deficiency expunged by a later foreign tax carryback and does so until the due date of the return for the taxable year from which the carryback arises, rather than only until the end of the taxable year in which the carryback arose.

Petitioner's motion to withdraw its motion to redetermine interest and its motion for such redetermination will be denied.

<u>An appropriate order will be entered</u>.