T.C. Memo. 1999-107

UNITED STATES TAX COURT

HAROLD POTTORF, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19636-95.                    Filed April 1, 1999.

Harold Pottorf, pro se.

<u>Michael L. Bowman</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Respondent determined deficiencies in income
tax and additions to tax for petitioner's 1983 through 1987
taxable years as follows:

|       |            | Additions to Tax |                  |
|-------|------------|------------------|------------------|
| Year  | Deficiency | Sec. 6653(b)(1)  | Sec. 6653(b)(2)  |
| 1983  | $52,450    | $26,225          | [1]              |
| 1984  | 27,852     | 13,926           | [1]              |
| 1985  | 12,376     | 6,188            | [1]              |

|       |            | Sec. 6653(b)(1)(A) | Sec. 6653(b)(1)(B) |
|-------|------------|--------------------|--------------------|
| 1986  | $39,035    | $29,276            | [1]                |
| 1987  | 18,827     | 14,120             | [1]                |

[1] 50 percent of the interest due on the entire deficiency.

Due to concessions[1] by respondent, the following amounts represent respondent's reduced determinations:

|       |            | Additions to Tax |                  |
|-------|------------|------------------|------------------|
| Year  | Deficiency | Sec. 6653(b)(1)  | Sec. 6653(b)(2)  |
| 1983  | $50,450    | $25,225.00       | [1]              |
| 1984  | 25,892     | 12,946.00        | [1]              |
| 1985  | 10,749     | 5,374.50         | [1]              |

|       |            | Sec. 6653(b)(1)(A) | Sec. 6653(b)(1)(B) |
|-------|------------|--------------------|--------------------|
| 1986  | $36,917    | $27,687            | [1]                |
| 1987  | 16,063     | 12,047             | [1]                |

[1] 50 percent of the interest due on the entire deficiency.

Due to petitioner's failure to communicate with respondent or to appear at the Court's Kansas City, Missouri, February 22, 1999, trial session, respondent moved to dismiss this case for lack of prosecution and for a default judgment. Because

---

[1] Respondent's motion, in the portion containing the concessions, referenced I.R.C. sec. 6653(a) (negligence) rather than I.R.C. sec. 6653(b) (fraud) for the 1986 and 1987 tax years. The addition to tax amounts set forth in the motion reflect that respondent did not concede the fraud penalty in lieu of the negligence penalty for the 1986 and 1987 tax years. The amounts and section numbers set forth in the notice of deficiency for 1986 and 1987 also reflect that the fraud penalty was determined and intended.

respondent bears the burden of proving fraud within the meaning of section 6653(b)(1)[2] for the 1983, 1984, 1985, 1986, and 1987 taxable years, we consider here whether respondent has satisfied that burden.

Respondent seeks to carry his burden, alternatively, by means of the deemed admissions in the Court's records and by the allegations pleaded in respondent's answer, which are treated as established, due to petitioner's failure to appear and prosecute his case. See, e.g., Coninck v. Commissioner, 100 T.C. 495, 497 n.3 (1993). In this regard, respondent points out that petitioner's reply did not contain a denial of all of respondent's affirmative allegations, so that any such allegation not expressly admitted or denied is deemed admitted. See Rule 37(c).

The matters deemed admitted by reason of petitioner's default, or through the undenied allegations in respondent's answer and through deemed admissions under Rule 90, are as follows:

For the years 1983, 1984, 1985, 1986, and 1987, petitioner engaged in the business of farming and received income that he did not report in the amounts of $183,570, $187,755, $154,755,

---

[2] Section references are to the Internal Revenue Code as amended and in effect for the period under consideration, and rule references are to this Court's Rules of Practice and Procedure.

$190,791, and $166,208, respectively.  Petitioner failed to file timely Federal income tax returns or pay taxes due for his taxable years 1983 through 1987.

Petitioner was convicted of and incarcerated for willful failure to file Federal income tax returns for 1986 and 1987. Petitioner's supervised release from prison was revoked because of his continuing failure to file returns in accord with an order of the U.S. District Court for the District of Kansas.

Beginning in 1980, petitioner used as his bank the National Commodity Exchange, operated by Larry Dale Martin to hide his financial transactions from the Internal Revenue Service.[3]  In addition, petitioner failed to maintain complete and accurate

---

[3] Larry Dale Martin has been described as "a 'banker' for tax protesters" as follows:

> Under the name of the National Commodity Exchange * * * [Larry Dale] Martin offered to buy gold and silver coins and bullion for the accounts of persons distrustful of Federal Reserve notes and desiring maximum privacy in their financial dealings, and also to convert gold and silver in the depositors' accounts into paper money and at the depositor's direction pay his bills with the paper money.  The agreements with the depositors stated that in buying gold and silver for their accounts and in paying their bills Martin was 'acting only as an agent for the above specific purpose[s] and no other.' The agreements also contained Martin's pledge not to divulge any information about the agency accounts.

Commissioner v. Hendrickson, 873 F.2d 1018, 1021-1022 (7th Cir. 1989), revg. and remanding T.C. Memo. 1983-560.  Several opinions contain conclusions and/or findings that the National Commodity Exchange's purpose included the above-described privacy and "banking" services without a paper trail.  See, e.g., Grandbouche v. Commissioner, 99 T.C. 604, 606-607 (1992).

records of his income-producing activities for the taxable years 1983 through 1987.  Petitioner also diverted his income from farming to purported foreign trusts attempting to conceal his assets.  See Kotmair v. Commissioner, 86 T.C. 1253, 1260 (1986).  On November 2, 1995, petitioner filed delinquent returns of income for 1988 through 1994 and reflected income tax liabilities due, and said liabilities remain unpaid.  Petitioner's pattern of conduct over 16 years was fraudulent with the intent to evade tax.

Petitioner has failed to communicate with the Court and respondent, and he has otherwise failed to "plead" or "proceed" within the meaning of Rule 123.  Petitioner, having failed to prepare for or appear at trial, did not comply with Rule 91 or this Court's standing pretrial order.  "Entry of a default decision for the fraud addition in the instant case therefore is appropriate upon a determination in our 'sound judicial discretion' that the pleadings set forth sufficient facts to support such a judgment."  Smith v. Commissioner, 91 T.C. 1049, 1058-1059 (1988) (quoting Bosurgi v. Commissioner, 87 T.C. 1403, 1408 (1986)), affd. 926 F.2d 1478 (6th Cir. 1991).

Based on the deemed admitted facts and respondent's pleading, we find petitioner intended to conceal, mislead, or otherwise prevent the collection of his taxes.  See Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983).  Fraudulent intent may

be inferred from a pattern of conduct.  See <u>Spies v. United States</u>, 317 U.S. 492, 499 (1943).  Indicia of fraud may include understated or unreported income, inadequate records and/or intentional concealment of income and assets, and failure to cooperate with taxing authorities.  See <u>Bradford v. Commissioner</u>, 796 F.2d 303 (9th Cir. 1986), affg. T.C. Memo. 1984-601.

Based on the above, we hold that petitioner is liable for the addition to tax for fraud for his 1983, 1984, 1985, 1986, and 1987 taxable years.  With respect to all other matters determined, respondent does not bear the burden of proof, and petitioner is found to have failed properly to prosecute and defaulted on his opportunity to show respondent's error(s).

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent.</u>