T.C. Memo. 1999-158



UNITED STATES TAX COURT



LUCIO AMBROSELLI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8355-97.                          Filed May 11, 1999.



Lucio Ambroselli, pro se.

<u>Daniel J. Parent</u>, for respondent.



MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Respondent determined a $122,460 income tax

deficiency and a $91,845 fraud penalty under section 6663[1] for

petitioner's 1993 taxable year.  We consider whether petitioner

should be defaulted in connection with respondent's motion to

---

[1] Section references are to the Internal Revenue Code in
effect for the period under consideration.  Rule references are
to this Court's Rules of Practice and Procedure.

dismiss and default petitioner and the Court's January 8, 1999, order to petitioner to show cause why he should not be dismissed and/or defaulted and a decision entered against him.

Discussion

Respondent's answer in this case contains allegations that petitioner's failure to report the income determined was fraudulent, and petitioner, in his reply, generally denied respondent's affirmative allegations. After continuances from two settings for trial, this case was again set for trial on the December 7, 1998, San Francisco, California, trial session.

Prior to trial, respondent presented petitioner with a proposed stipulation of facts, and, after petitioner failed to respond, respondent filed a motion under Rule 91(f) to compel petitioner to stipulate or, upon his failure, to cause the proposed factual stipulations to be deemed established. In our order dated October 29, 1998, we found that the proposed stipulations were deemed established and that petitioner's "response [refused] broadly to stipulate, was evasive and not fairly directed to the proposed stipulations."

Petitioner then moved for a continuance from the December 7, 1998, trial session because he was then in Italy, did not want to travel, was financially unable to pursue this matter, and because the Federal Bureau of Investigation (FBI) had documents or files that petitioner was not able to obtain from it. Petitioner,

however, did not explain the contents of the documents or information alleged to be in the possession of the FBI and/or their relevance to or the effect upon this case. Accordingly, petitioner's motion for a continuance was denied. He failed to appear at the December 7, 1998, trial session and/or to prosecute this matter, and respondent moved that petitioner be dismissed and/or defaulted and that a decision be entered against him.

Respondent, however, bears the burden of showing that petitioner is liable for the fraud penalty that was determined. Sec. 7454(a); Rule 142(b). Respondent attempts to carry that burden by means of the facts deemed established by the Court's order under Rule 91(f). Those facts are as follows:

1. Petitioner resided in California at the time his petition was filed, and when his 1993 Federal income tax return was timely filed.

2. Around March 4, 1992, petitioner obtained an insurance policy covering two paintings that he represented were sealed in shipping crates in his residence. Petitioner had photographs of the paintings and claimed them to be "Death of the Dragon" by Ghirlandaio and "Madonna Con Bambino" by Piero Della Francesca. It was later shown that the paintings in the photographs were actually "San Giorgio Che Occide Il Drago" by Paris Borden and "Madonna Con Bambino con s. Gerolamo e. S. Bartolomeo" (commonly called "Madonna Della Pera") by Alessandro Bonvicino.

3. Shortly after obtaining the insurance, petitioner submitted a claim for a theft he alleged had occurred about May 1, 1992. In addition to the two paintings, petitioner alleged the theft of a Persian rug, jade statue, and two Russian icons.

4. During 1993, petitioner received, net of attorney's fees, $365,250 from the insurance company.

5. On April 10, 1995, respondent advised petitioner that his 1993 tax return had been selected for audit. During the course of the audit, petitioner represented that the paintings and other items were stolen from his residence. The paintings petitioner claimed to possess had been in the possession of the Vatican art museum for at least 200 years.

6. No theft actually occurred, and a September 8, 1995, FBI search of petitioner's residence revealed that petitioner continued to have possession of the icons and rug. On that same day, petitioner was indicted on five counts of mail fraud in violation of 18 U.S. Code sec. 1341 (1994). On February 27, 1996, petitioner pleaded guilty, admitting that no burglary had occurred and that his insurance claim was fraudulent.

7. Petitioner failed to report the illicit insurance recovery on his 1993 Federal income tax return.

Respondent may carry his burden by means of facts that are treated as established in instances where a taxpayer fails to

appear and prosecute his case.  Cf. Coninck v. Commissioner, 100 T.C. 495, 497 n.3 (1993).

Petitioner's communications with the Court and with respondent take the position that petitioner will not proceed without the Government's turning over the documents petitioner alleges are in the possession of the FBI.  As previously noted, petitioner has not explained how the alleged documents or information will affect this case.  Petitioner's refusal to comply with this Court's Rules (to stipulate under Rule 91 and/or prepare for trial as required by the Court's standing pretrial order) and his failure to appear at trial and "proceed" within the meaning of Rule 123, are, therefore, without justification. "Entry of a default decision for the fraud addition in the instant case therefore is appropriate upon a determination in our 'sound judicial discretion' that the pleadings set forth sufficient facts to support such a judgment."  Smith v. Commissioner, 91 T.C. 1049, 1058-1059 (1988), affd. 926 F.2d 1470 (6th Cir. 1991) (quoting Bosurgi v. Commissioner, 87 T.C. 1403, 1408 (1986)).

Based on the deemed admitted facts and respondent's pleading, we find petitioner intended to conceal, mislead, or otherwise prevent the collection of his taxes.  See Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983).  Fraudulent intent may be inferred from a pattern of conduct.  See Spies v. United

States, 317 U.S. 492, 499 (1943). Indicia of fraud may include understated or unreported income, intentional concealment of income and assets, and failure to cooperate with taxing authorities. See Bradford v. Commissioner, 796 F.2d 303 (9th Cir. 1986), affg. T.C. Memo. 1984-601. Here, petitioner defrauded an insurance company, lied to respondent by attempting to conceal his illegal acts and income, and intentionally failed to report said income.

Based on the above, we hold that petitioner is liable for the addition to tax for fraud for the 1993 taxable year. With respect to all other matters determined, respondent does not bear the burden of proof, and petitioner is found to have failed properly to prosecute and defaulted on his opportunity to show respondent's error(s).

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.