T.C. Memo. 2009-13

UNITED STATES TAX COURT

EDWARD R. VOCCOLA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7700-05.                    Filed January 15, 2009.

Edward R. Voccola, pro se.

<u>Nina P. Ching</u>, for respondent.

MEMORANDUM OPINION

NIMS, <u>Judge</u>:  This matter is before the Court on respondent's motion for summary judgment under Rule 121.  Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue.

Respondent determined the following deficiencies and penalties with respect to petitioner's Federal income tax:

| Year | Deficiency | Penalty Sec. 6663 |
|------|-----------|-------------------|
| 1993 | $49,170 | $36,836 |
| 1994 | 45,481 | 36,362 |
| 1995 | 45,252 | 33,863 |

The issues for consideration are: (1) Whether petitioner underreported income during the years in issue, and (2) whether petitioner is liable for fraud penalties under section 6663.

## Background

On January 27, 2005, respondent mailed petitioner a notice of deficiency for the 1993, 1994, and 1995 taxable years. Petitioner filed a petition with this Court on April 26, 2005, challenging the determined deficiencies and penalties. Petitioner resided in Massachusetts at the time he filed his petition. On December 22, 2005, respondent served petitioner with a request for admissions.

Petitioner did not respond, and respondent filed a motion for summary judgment on the basis of the deemed admissions under Rule 90(c). The Court ordered petitioner to file a response, but he did not do so. The Court heard respondent's motion on May 21, 2007. Petitioner did not appear at the hearing and did not file a Rule 50(c) statement in lieu of an appearance.

Respondent's motion for summary judgment requests that we sustain the deficiencies and fraud penalties set forth in the

notice of deficiency.  As discussed below, the allegations in the request for admissions are deemed admitted under Rule 90(c) as a result of petitioner's failure to deny or object to them. Respondent contends those deemed admissions are sufficient to sustain his deficiency determination as well as satisfy his burden of affirmatively proving fraud.  Additionally, respondent contends that petitioner's prior criminal conviction under section 7201 collaterally estops petitioner from denying that he willfully filed false and fraudulent income tax returns for the years in issue.

The deemed admissions under Rule 90(c) establish the following facts.

Petitioner prepared, signed, and filed, on behalf of himself and his then wife, joint Forms 1040, U.S. Individual Income Tax Return, for the years in issue.  Petitioner holds a master's degree in business administration from Temple University Graduate School of Business, a juris doctor degree from Suffolk University School of Law, and a master of laws degree in Taxation from Boston University School of Law.  He also has years of work experience as a tax specialist.

On March 29, 2000, petitioner was convicted of violating section 7201[1] for the 1993, 1994, and 1995 taxable years. Petitioner willfully and knowingly filed false income tax returns which understated taxable income for those years. He reported taxable income of negative $64,566, negative $69,417, and negative $97,008[2], and thereby understated his taxable income by $241,349, $233,701, and $263,406, respectively. He failed to report early retirement plan distributions in 1994 and 1995 from Shawmut Bank, N.A., and a Massachusetts State tax refund received in 1993. He also submitted Forms W-2, Wage and Tax Statement, that incorrectly stated the amount of income that he and his then wife received from several employers. These Forms W-2 were not the ones actually issued by those employers.

Petitioner also claimed substantial amounts of capital losses, capital loss carryovers, and itemized deductions for all 3 tax years. He presented no documentation to substantiate most of these deductions. Respondent accordingly disallowed all of the capital losses and most of the itemized deductions.

Petitioner's correct taxable income for those years was $176,783, $164,284, and $166,398, respectively. His correct tax

---

[1]Respondent's request for admissions mistakenly alleged that petitioner was convicted under sec. 7206(1). Respondent's motion for summary judgment correctly indicates petitioner was, in fact, convicted under sec. 7201.

[2]Respondent's requested admission incorrectly alleged petitioner's reported 1995 taxable income was negative $105,865.

liabilities for those years were $49,170, $45,481, and $45,252. As a result of his understatement of taxable income, petitioner understated his income tax liability by $49,170, $45,481, and $45,252.[3]

### Discussion

Summary judgment may be granted when there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The opposing party cannot rest upon mere allegations or denials in his pleadings and must "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d). The moving party bears the burden of proving there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

The first issue for decision is whether we should grant respondent summary judgment as to the deficiencies for the years in issue.

---

[3]Respondent's request for admissions mistakenly alleged that petitioner understated his 1995 tax liability by $45,481. The notice of deficiency and motion for summary judgment list the correct amount of $45,252.

Respondent's motion is supported by his unanswered request for admissions. A request for admissions is deemed admitted unless an objection or written answer specifically denying the matter is served within 30 days after service of the request. Rule 90(c); Freedson v. Commissioner, 65 T.C. 333, 334-336 (1975), affd. 565 F.2d 954 (5th Cir. 1978). Facts deemed admitted under Rule 90(c) may satisfy the burden of proving that no genuine issue of material fact exists as to the Commissioner's deficiency determinations and that the Commissioner is entitled to a decision as a matter of law. Marshall v. Commissioner, 85 T.C. 267, 272 (1985).

Respondent served petitioner with a request for admissions which alleged that petitioner understated income and failed to substantiate deductions for the years in issue. Because petitioner failed to deny or object to these allegations, he is deemed to have admitted these facts under Rule 90(c). These admissions are adequate to support respondent's burden of proving no genuine issue of material fact exists as to the deficiency determinations. Accordingly, we will grant respondent's motion for summary judgment as to the deficiencies determined for the years in issue.

The second issue is whether we should grant respondent's motion for summary judgment on the section 6663 fraud penalties.

Section 6663 imposes a penalty equal to 75 percent of the portion of any underpayment attributable to fraud. The Commissioner bears the burden of proving by clear and convincing evidence that an underpayment exists and that some portion of the underpayment for each year is due to fraud with the intent to evade tax. Sec. 7454(a); Rule 142(b). Facts deemed admitted under Rule 90(c) may satisfy this burden. Coninck v. Commissioner, 100 T.C. 495, 499 (1993); Marshall v. Commissioner, supra at 273.

Petitioner's deemed admissions are also sufficient to meet respondent's burden of proof for the section 6663 fraud penalties. By failing to respond to the request for admissions, petitioner is deemed to have admitted that he knowingly and willingly filed false income tax returns and fraudulently understated income for the years in issue. The deemed admission of these facts sufficiently establishes that some portion of the underpayment for each year was due to fraud with intent to evade tax.

Furthermore, petitioner is estopped from denying fraud on account of his prior criminal conviction under section 7201. The doctrine of collateral estoppel precludes the relitigation of any issue or fact that was actually litigated and necessarily determined by a valid and final judgment. Peck v. Commissioner, 90 T.C. 162, 166 (1988), affd. 904 F.2d 525 (9th Cir. 1990).

Since the elements of criminal tax evasion and civil tax fraud are identical, <u>Gray v. Commissioner</u>, 708 F.2d 243, 246 (6th Cir. 1983), affg. T.C. Memo. 1981-1, collateral estoppel has been routinely applied to hold that a conviction for an attempt to evade or defeat tax pursuant to section 7201, either upon a guilty plea or upon a jury verdict, conclusively establishes fraud in a subsequent civil tax fraud proceeding, <u>DiLeo v. Commissioner</u>, 96 T.C. 858, 885 (1991), affd. 959 F.2d 16 (2d Cir. 1992); <u>Frey v. Commissioner</u>, T.C. Memo. 1998-226.

Petitioner was convicted for willful evasion of tax in violation of section 7201 for the 1993, 1994, and 1995 tax years. These are the same years for which respondent currently seeks section 6663 fraud penalties. Petitioner's prior conviction collaterally estops him from denying that he willfully committed fraud with intent to evade tax in those years and conclusively establishes that petitioner's underpayments of tax are due to fraud within the meaning of section 6663. For these reasons, we will grant respondent's motion for summary judgment as to the section 6663 penalties.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.